OPINION *Page 2 
{¶ 1} On December 27, 2007, appellant, Robert Braun, a professional truck driver, was operating his semi-truck southbound on Cleveland Avenue when he stopped at a traffic light in front of Gregory Galvanizing, his destination. When the light turned green, appellant pulled his semi-truck left of center in order to negotiate a right hand turn into Gregory Galvanizing. A red vehicle being operated by Helen Kowalski was also traveling southbound on Cleveland Avenue when the two vehicles collided.
 {¶ 2} Thereafter, appellant was cited for violating Canton City Ordinance 331.11, turning into private driveway, alley or building. A hearing before a magistrate was held on March 31, 2008. By decision filed April 1, 2008, the magistrate found appellant guilty. Appellant filed objections. On July 7, 2008, the magistrate filed findings of fact and conclusions of law. By judgment entry filed July 29, 2008, the trial court overruled appellant's objection and upheld the conviction.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY SUSTAINING THE MAGISTRATE'S DECISION FINDING THE APPELLANT GUILTY OF VIOLATING § 331.11 OF THE CANTON CITY CODE [TURNING INTO PRIVATE DRIVEWAY, ALLEY OR BUILDING]."
 II {¶ 5} "THE TRIAL COURT ERRED AS THE CONVICTION OF THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 I, II {¶ 6} Appellant claims the trial court erred in affirming the magistrate's decision, as said decision, convicting him of violating Canton City Ordinance 331.11, was against the manifest weight of the evidence. Because both assignments essentially challenge his conviction, we will address them collectively.
 {¶ 7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} In his Findings of Fact and Conclusions of Law filed July 7, 2008, the magistrate found the following at Finding of Fact Nos. 6 and 7:
 {¶ 9} "6. The Defendant maneuvered his vehicle into the center lane of Cleveland Ave. to make his right hand turn into the business establishment, Gregory Galvanizing.
 {¶ 10} "7. Defendant traveled outside his lane of travel."
 {¶ 11} The magistrate then concluded the following:
 {¶ 12} "The Court finds the Defendant guilty beyond a reasonable doubt of the violation of Canton City Ordinance 331.11. The Court is persuaded by Officer Fitzgerald's testimony and experience both as a commercial truck driver and police *Page 4 
officer. Officer Fitzgerald testified that according to his investigation; the Defendant traveled outside his lane of travel, the Defendant could have made the turn without going left of center, and the Defendant made the turn not as close to the curb as he could have been to make that turn."
 {¶ 13} Canton City Ordinance 331.11 states the following in pertinent part:
 {¶ 14} "(a) The driver of a vehicle intending to turn into a private road or driveway, alley or building from a public street or highway shall be governed by the following rules:
 {¶ 15} "(1) Approach for a right hand turn and a right turn shall be made as close as practicable to the right hand curb or edge of the roadway."
 {¶ 16} The gist of appellant's argument was that he was unable to negotiate the right hand turn without placing his semi-truck in the left lane of travel, thereby making a wide circled turn into the driveway of Gregory Galvanizing.
 {¶ 17} An independent witness, Robert Ammond, testified appellant pulled out left of center to make the right hand turn and in the process, struck a red vehicle that was traveling in the right lane. T. at 8. Mr. Ammond testified the semi-truck could not have made the right hand turn into the property and stay in its own lane. T. at 11.
 {¶ 18} Helen Kowalski, the operator of the red vehicle, testified as she approached in the right lane, she did not see any turn signals on appellant's truck. T. at 15. As appellant turned his vehicle, Ms. Kowalski tried to move to the right, but was unable to because of a telephone pole. Id. Appellant's truck then struck Ms. Kowalski's vehicle. Id. *Page 5 
 {¶ 19} The investigating officer, Canton City Police Officer, David Clay Fitzgerald, testified appellant's semi-truck was outside his lane of travel. T. at 27. Officer Fitzgerald opined the truck "could probably make that turn without going left of center" and "he was not as close to the curb as he could have been to make that turn." T. at 32. The driveway entrance appellant was turning into was thirty to forty feet wide. Id.
 {¶ 20} Appellant testified he has pulled into Gregory Galvanizing well "over a hundred times." T. at 37. He has never been able to negotiate the right hand turn without going left of center. T. at 38, 45. Three exhibits depicting the intersection were admitted into evidence.
 {¶ 21} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger, 77 Ohio St.3d 415, 418,1997-Ohio-260.
 {¶ 22} Although there was conflicting testimony as to the practicability of negotiating the right hand turn from the proper lane, the trier of fact was free to choose which testimony was more credible. In this case, both the magistrate and trial court had before them the testimony of the witnesses and the photographs depicting the scene.
 {¶ 23} Upon review, we find substantial credible evidence, if believed, to support the findings and decisions of the magistrate and the trial court.
 {¶ 24} Assignment of Errors I and II are denied. 6 Municipal Court of Stark County, Ohio is *Page 6 {¶ 25} The judgment of the Canton hereby affirmed.
 Farmer, P.J., Gwin, J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant. *Page 1